IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE L. REED,

        Plaintiff,

    v.

ROBERT K. WONG, Warden, et. al.,

        Defendant(s).
_____/

No. C-11-4921 TEH (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a prisoner presently incarcerated at Kern Valley State Prison in Delano, California, and frequent litigant in federal court, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 against the following three San Quentin State Prison ("SQSP") officials: (1) former Warden Robert K. Wong; (2) Lieutenant D. Hurley; and (3) Sergeant V. Baker. See Doc. #1. Plaintiff also seeks leave to proceed in forma pauperis, Doc. #2, which will be granted in a separate order. In this Order, the Court will conduct its initial review of the Complaint pursuant to 28 U.S.C. § 1915A.

//

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

A civil rights complaint filed under 42 U.S.C. § 1983 must set forth specific facts showing how each named defendant proximately caused the deprivation of a federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Further, a defendant who is named in his capacity as a supervisor – as appears to be the case here, where Plaintiff named Robert K. Wong, the former SQSP warden – may be liable under 42 U.S.C. § 1983 only upon

2

a showing of: (1) personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

### III

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1982); <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect prisoners from attacks by other prisoners or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to prisoner safety. <u>Farmer</u>, 511 U.S. at 834; <u>Hearns</u>, 413 F.3d at 1040-41.

//

3

**IV**

Here, Plaintiff's Complaint discusses an incident that occurred on April 24, 2009 at SQSP resulting in him being stabbed several times.  See Doc. #1 at 3.  Plaintiff implies that his injuries were the result of SQSP officials knowingly creating an opportunity for Plaintiff to be injured by another prisoner.  Id.  Plaintiff further states that he is seeking assistance from the Court in suing the Defendants.[1]  Id.

This is the fifth time Plaintiff has filed an action regarding this incident.  The four prior actions all were dismissed because Plaintiff either:  (1) failed to file a complete in forma pauperis application, see Reed v. Wong et. al., No. C-09-3372 TEH (N.D. Cal. filed July 22, 2009); (2) conceded that he did not exhaust administrative remedies prior to filing suit, see Reed v. Wong, No. C-10-0469 TEH (N.D. Cal. filed February 2, 2010); (3) failed to file a timely amended complaint to correct several pleading deficiencies identified by the Court in its initial screening order, see Reed v. Wong, No. C-10-3173 TEH (N.D. Cal. filed July 20, 2010); or (4) because the complaint was duplicative of a later-filed action.  See Reed v. Wong, No. C-11-1720 TEH (N.D. Cal. filed April 8, 2011).

---

[1] The Court construes Plaintiff's request for assistance as a request for appointment of counsel, which is DENIED for lack of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  The Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent Plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

Unfortunately for Plaintiff, the instant Complaint shares similar pleading deficiencies as his earlier-filed actions and therefore cannot proceed.  In particular, other than naming three SQSP officials in the instant Complaint's caption, Plaintiff fails to set forth specific facts showing how each Defendant proximately caused the deprivation of a federally-protected right.  Instead of an outright dismissal, Plaintiff will be afforded an opportunity to file an Amended Complaint, within thirty (30) days from the date of this Order, to correct the pleading deficiencies contained in the original Complaint.

V

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT** that contains all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.

//
//
//

5

Failure to file a proper Amended Complaint within thirty (30) days of the date this order is filed will result in the dismissal of this action.

IT IS SO ORDERED.

DATED  10/24/2011

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Reed-11-4921-dwlta.wpd