IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE L. REED,                                No. C-11-4921 TEH (PR)

        Plaintiff,                          ORDER OF SERVICE

    v.

ROBERT K. WONG, Warden, et. al.,

        Defendants.
_____/    (Doc. ## 5, 7, 8, 9)

Plaintiff, a prisoner presently incarcerated at Kern Valley State Prison in Delano, California, and frequent litigant in federal court, has filed a pro se amended civil rights complaint under 42 U.S.C. § 1983 against several San Quentin State Prison ("SQSP") officials. Plaintiff alleges that all officers were deliberately indifferent to his safety in violation of the Eighth Amendment. Doc. ## 5 & 6.

In this Order, the Court will conduct its initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

//
//

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect prisoners

from attacks by other prisoners or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to prisoner safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

Liberally construed, the allegations in Plaintiff's amended complaint – that SQSP officers were deliberately indifferent to his safety when they knowingly created an opportunity for Plaintiff to be injured by another prisoner – appear to state a cognizable 42 U.S.C. § 1983 claim and Defendants Robert K. Wong, SQSP Correctional Lieutenant D. Hurley, SQSP Correctional Sergeant V. Baker and SQSP Correctional Officer Stokely will be served.

III

Plaintiff's requests for appointment of counsel under 28 U.S.C. section 1915 (Doc. ## 7, 9) are DENIED for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). The court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

Plaintiff's motion for summary judgment (Doc. #8) is DENIED without prejudice as premature. Plaintiff may resubmit a summary judgment motion after defendants file a dispositive motion.

3

**IV**

For the foregoing reasons and for good cause shown:

1. Plaintiff's motion to file an amended complaint (Doc. #5) is GRANTED.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and all attachments thereto (Doc. ## 5 & 6) and copies of this order on former SQSP Warden Robert K. Wong, SQSP Correctional Lieutenant D. Hurley, SQSP Correctional Sergeant V. Baker and SQSP Correctional Officer Stokely. The Clerk also shall serve a copy of this order on Plaintiff.

3. To expedite the resolution of this case, the Court orders as follows:

   a. No later than ninety (90) days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the

4

1  motion.

2          c.  Plaintiff is advised that a motion for summary
3  judgment under Rule 56 of the Federal Rules of Civil Procedure will,
4  if granted, end your case.  Rule 56 tells you what you must do in
5  order to oppose a motion for summary judgment.  Generally, summary
6  judgment must be granted when there is no genuine issue of material
7  fact - that is, if there is no real dispute about any fact that
8  would affect the result of your case, the party who asked for
9  summary judgment is entitled to judgment as a matter of law, which
10 will end your case.  When a party you are suing makes a motion for
11 summary judgment that is properly supported by declarations (or
12 other sworn testimony), you cannot simply rely on what your
13 Complaint says.  Instead, you must set out specific facts in
14 declarations, depositions, answers to interrogatories, or
15 authenticated documents, as provided in Rule 56(e), that contradict
16 the facts shown in Defendants' declarations and documents and show
17 that there is a genuine issue of material fact for trial.  If you do
18 not submit your own evidence in opposition, summary judgment, if
19 appropriate, may be entered against you.  If summary judgment is
20 granted, your case will be dismissed and there will be no trial.
21 Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)
22 (App. A).

23         Plaintiff also is advised that a motion to dismiss for
24 failure to exhaust administrative remedies under 42 U.S.C.
25 § 1997e(a) will, if granted, end your case, albeit without
26 prejudice.  You must "develop a record" and present it in your

5

opposition in order to dispute any "factual record" presented by the Defendant in his motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.   Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

        e.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    4.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    5.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    6.   Plaintiff's motions for appointment of counsel (Doc. ## 7 and 9) are DENIED. Plaintiff's motion for summary judgment (Doc. #8) is DENIED without prejudice as premature.

    7.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

//

//

This order terminates Docket Nos. #5, 7, 8, and 9.

IT IS SO ORDERED.

DATED     01/25/2012

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Reed-11-4921-order of service.wpd