
IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE L. REED, | No. C-11-4921 TEH (PR) |
|     Plaintiff, | ORDER OF DISMISSAL |
|     v. | |
| ROBERT K. WONG, Warden, et al., | |
|     Defendants. | |
| _____/ | (Doc. ## 19 & 20) |

Plaintiff, a prisoner presently incarcerated at Kern Valley State Prison in Delano, California, and frequent litigant in federal court, has filed a pro se amended civil rights complaint under 42 U.S.C. § 1983 against several San Quentin State Prison ("SQSP") officials. Plaintiff alleges that all officers were deliberately indifferent to his safety in violation of the Eighth Amendment. Doc. ## 5 & 6. Defendants have filed a motion to revoke Plaintiff's in forma pauperis status under 28 U.S.C. 1915(g) and to dismiss the case without prejudice (Doc. #19) and a related request for judicial notice (Doc. #20).

The Court GRANTS Defendants' request for judicial notice of the

court documents provided in support of their motion.[1]  Doc. #20. For the reasons set forth below, Defendants' motion to revoke Plaintiff's in forma pauperis status and dismiss the case without prejudice is also GRANTED.  Doc. #19.

## I

### A

Defendants allege that Plaintiff has earned at least five strikes, thus requiring revocation of Plaintiff's in forma pauperis status and dismissal of the complaint without prejudice under § 1915(g).  Defendants allege that the following cases were dismissed for failure to state a claim:  Reed v. Thomas, No. C 08-5612 TEH (N.D. Cal. Dec. 16, 2008) (hereinafter "Thomas"); Reed v. Levy, et al., No. C 09-0324 TEH (N.D. Cal. Jan. 26, 2009) (hereinafter "Levy"); Reed v. Wong, No. C 10-3173 TEH (N.D. Cal. Jul. 20, 2010) (hereinafter "Wong III");[2] Reed v. New Port Tobacco Co., No. C 11-1195 TEH (N.D. Cal. Mar. 10, 2011) (hereinafter "New Port Tobacco Co."); and Reed v. Wong, No. C 11-1720 TEH (N.D. Cal. Apr. 8, 2011) (hereinafter "Wong IV").  Defendants also allege that the dismissal of Reed v. Wong, et al., No. 10-0469 TEH (N.D. Cal.

---

[1] The district court "may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was pro se litigant, to counter her argument that she deserved special treatment because of her pro se status).

[2] Plaintiff has filed five actions in the Northern District of California wherein he named SQSP Warden Robert Wong as a defendant. For purposes of clarity, in this order, each action is assigned a short form name that reflects when the action was filed.

2

1  Feb. 2, 2010) (hereinafter "Wong II") for failure to exhaust
2  administrative remedies should also be counted as a strike under §
3  1915(g) for failure to state a claim.
4          This case is governed by the Prison Litigation Reform Act
5  of 1996 ("PLRA") which was enacted, and became effective, on April
6  26, 1996.  It provides that a prisoner may not bring a civil action
7  or appeal a judgment in a civil action or proceeding under 28 U.S.C.
8  § 1915 (i.e., may not proceed in forma pauperis), "if the prisoner
9  has, on 3 or more prior occasions, while incarcerated or detained in
10 any facility, brought an action or appeal in a court of the United
11 States that was dismissed on the grounds that it is frivolous,
12 malicious, or fails to state a claim upon which relief may be
13 granted, unless the prisoner is under imminent danger of serious
14 physical injury."  28 U.S.C. § 1915(g).
15         A review of the relevant documents indicates that
16 Plaintiff has filed ten cases in the Northern District of
17 California, and that at least three of the ten cases count as
18 strikes under § 1915(g).
19         Five of the ten cases concern the stabbing incident that
20 took place at SQSP on April 24, 2009, which is also the subject of
21 this instant complaint:  Reed v. Wong, et al., No. C 09-3372 TEH
22 (N.D. Cal. Jul. 22, 2009) (hereinafter "Wong I"); Wong II; Wong III;
23 Wong IV; and this instant case, Reed v. Wong, et al., No. C 11-4921
24 TEH (N.D. Cal. Oct. 5, 2011) (hereinafter "Wong V").
25         The procedural history of these cases is as follows:  Wong
26 I was filed in July 2009 and dismissed without prejudice because
27
28                                    3

1  Plaintiff failed to pay the filing fee or, in the alternative,
2  submit a completed in forma pauperis application.  Wong II was filed
3  in February 2010, and dismissed because Plaintiff indicated in his
4  complaint that he had not yet exhausted his administrative remedies.
5  Wong II was dismissed without prejudice to Plaintiff filing a new
6  case after exhausting all administrative remedies.  See Wong II,
7  June 15, 2010 Order of Dismissal.  Wong III was initially dismissed
8  with leave to file an amended complaint that addressed the
9  deficiencies identified in the Court's Order of Dismissal dated
10 March 29, 2011.  See Wong III, March 29, 2010 Order of Dismissal.
11 Wong III was ultimately dismissed on May 17, 2011, because Plaintiff
12 failed to file an amended complaint within the specified time
13 period.  See id., May 17, 2011 Order of Dismissal.  On August 8,
14 2011, Plaintiff sought to re-open Wong III and also sought an
15 extension of time to file an amended complaint.  The Court denied
16 his motion without prejudice to his re-filing his case.  See id.,
17 Aug. 17, 2011 Order.  Wong IV was dismissed as duplicative of this
18 instant action.
19       These five cases should not be considered strikes under
20 § 1915(g).  Wong I was dismissed for failure to pay the filing fee
21 or, in the alternative, obtain leave to proceed in forma pauperis.
22 Wong II and Wong III were dismissed without prejudice to Plaintiff
23 filing a new case.  Wong IV was dismissed as duplicative of this
24 instant action.  These cases were neither frivolous or malicious,
25 nor did they fail to state a claim.  See Andrews v. King, 398 F.3d
26 1113, 1121 (9th Cir. 2005) ("Andrews I") (noting that not all
27
28                                  4

unsuccessful cases count as a strike and emphasizing that § 1915(g) should be used to deny a prisoner's <u>in forma pauperis</u> status only when, after careful evaluation of the order dismissing an action and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim).

However, at least three of the five other cases filed by Plaintiff in the Northern District of California count as strikes under § 1915(g) and therefore bar Plaintiff from proceeding <u>in forma pauperis</u> in this case. The other five cases filed by Plaintiff in this District are: <u>New Port Tobacco Co.</u>, <u>Thomas</u>, <u>Levy</u>, <u>Reed v. Harrington, et al.</u>, C No. 10-0836 TEH (hereinafter "<u>Harrington</u>") and <u>Reed v. Superior Court of California, County of Alameda, et al.</u>, C No. 10-5698 TEH (hereinafter "<u>Alameda County Superior Court</u>"). In <u>New Port Tobacco Co.</u>, Plaintiff filed a civil rights action against a tobacco company for his apparent addiction to nicotine. His complaint was dismissed for failure to state a cognizable claim for relief under 42 U.S.C. § 1983. Doc. #20, Exh. 5. In <u>Thomas</u>, Plaintiff filed a civil rights action against the Alameda County Judge who presided over his 2007 sexual assault trial for actions taken in the judge's judicial capacity during Plaintiff's trial. His complaint was dismissed for failure to state a claim as judges are immune for conduct performed in their judicial capacity. Doc. #20, Exh. B. In <u>Levy</u>, Plaintiff filed a complaint against his court-appointed attorney and an Alameda County District Attorney for alleged violations of his constitutional rights during his 2007

5

sexual assault trial. This complaint was also dismissed for failure to state a claim because his court-appointed attorney was not a state actor and the prosecutor was entitled to absolute immunity for his role as an officer of the court. Doc. #20, Exh. C. In <u>Harrington</u>, Plaintiff filed a complaint against Kern Valley State Prison ("KVSP") Warden Harrington and the Director of the California Department of Corrections and Rehabilitation for forcing him to drink KVSP water which he claimed had toxic levels of arsenic, and not offering him an alternative source of water, such as bottled water. This action was transferred to the Eastern District of California where it was dismissed with leave to amend. Plaintiff failed to file an amended complaint within the specified time period and the action was ultimately dismissed. In <u>Alameda County Superior Court</u>, Plaintiff filed a complaint against an Oakland Police Department Criminal Lab Specialist alleging that she violated his constitutional rights by testifying falsely regarding DNA evidence at his 2007 criminal trial. The Court stayed and administratively closed the case for the reasons set forth in its May 24, 2011 Order pending the conclusion of the related state criminal proceedings. See <u>Alameda County Superior Court</u>, May 24, 2011 Order.

As discussed above, <u>New Port Tobacco Co.</u>, <u>Thomas</u>, and <u>Levy</u>, were properly dismissed for failure to state a constitutionally cognizable claim for relief and are sufficient to warrant a § 1915(g) dismissal. Accordingly, the instant complaint must be dismissed pursuant to § 1915(g) unless Plaintiff can show that he was in imminent danger of serious physical injury at the

1 time the complaint was filed.

B

The PLRA provides that in forma pauperis status may be granted even where the prisoner has three or more strikes under § 1915 if the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the imminent danger clause in § 1915(g) indicates that imminent danger is to be assessed at the time of filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). The conditions that existed at some earlier or later time are not relevant. See Andrews II, 493 F.3d 1047 at 1053 and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis). "Imminent danger" may include an ongoing danger of serious physical injury. See Ashley, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); cf. Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses

an ongoing danger of serious physical injury, noting that plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of ongoing physical injury).

The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." Andrews II, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id.; see, e.g., id. at 1057 ("prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception" even if prisoner had already contracted a contagious disease and complained of being housed near prisoners with contagious diseases).

Plaintiff has not met his burden of proving that he was in imminent danger of serious physical injury at the time he filed the complaint. When Plaintiff filed his complaint, he was housed at Kern Valley State Prison. Doc. #1 at 1. In his complaint, Plaintiff alleged that SQSP prison officials were deliberately indifferent to his safety by leaving cell doors unlocked so that a Hispanic inmate could assault him. Plaintiff does not allege any ongoing danger and he is no longer housed at San Quentin State Prison. Plaintiff has not shown that he is entitled to the exception under § 1915(g) to avoid dismissal without prejudice by Defendants' motion. Plaintiff may still pursue his claims if he

8

pays the full filing fee at the outset of a newly filed action.

II

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status and dismiss this action without prejudice is GRANTED. Doc. #19. This action is DISMISSED without prejudice to refiling if Plaintiff pays the full filing fee at the time of filing the new action. Defendants' request for judicial notice is GRANTED. Doc. #20.

2. The Order entered October 25, 2011 (Doc. # 3) granting Plaintiff leave to proceed in forma pauperis is VACATED. Accordingly, Plaintiff's in forma pauperis status is revoked.

The Clerk is directed to close this case and deny all pending motions as moot.

IT IS SO ORDERED.

DATED     05/30/2012                    /s/ Thelton E. Henderson
                                        THELTON E. HENDERSON
                                        United States District Judge

G:\PRO-SE\TEH\CR.11\Reed-11-4921-revoke IFP and dismiss wo prej.wpd